UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| James Sackey,<br><br>           Plaintiff,<br><br>v.<br><br>Central Credit Services, LLC, and Questcare Medical Services, PLLC,<br><br>           Defendants. | Civil Action No: 4:18-cv-637<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES, Plaintiff JAMES SACKEY ("Plaintiff"), by and through his attorney, SHAWN JAFFER, for his complaint against Defendants CENTRAL CREDIT SERVICES, LLC and QUESTCARE MEDICAL SERVICES, PLLC (the "Defendants"), pleads as follows:

## PREMLIMINARY STATEMENT

1.       This is an action for actual and statutory damages, costs, and attorney's fees for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 USC §1692 *et seq.* and the Fair Credit Reporting Act ("FCRA") 15 USC §1681 *et seq.*

## JURISDICTION AND VENUE

2.       This Court has jurisdiction over this action and all counts under the Fair Debt Collection Practices Act 15 U.S.C. § 1692k, the Fair Credit Reporting Act 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331, 1337.

3.       Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Texas, residing in Collin County, Texas.

5. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

6. At all times relevant, Plaintiff was a "consumer" within the meaning of the FCRA. *See* 15 U.S.C §1681a(c).

7. The Defendants to this lawsuit are:

    (a) CENTRAL CREDIT SERVICES, LLC, ("CCS") is a limited liability company organized under the laws of the State of Florida. CCS regularly collects debts from consumers in the State of Texas; and

    (b) Questcare Medical Services, PLLC, ("Quest") is a professional limited liability company organized under the laws of the State of Texas.

8. CCS is a "debt collector" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(6).

9. CCS engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

10. At all times material hereto, CCS was acting as a debt collector in respect to the collection of Plaintiff's debts.

11. At all times relevant, CCS was a "person" within the meaning of the FCRA. *See* 15 U.S.C §1681a(b).

12. At all times relevant, Quest was a "person" within the meaning of the FCRA. *See* 15 U.S.C §1681a(b).

13. At all times relevant, credit reports mean "consumer reports" within the meaning of the FCRA. *See* 15 U.S.C §1681a(d).

## ALLEGATIONS

14. The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes the current creditor.

15. The original creditor of the Consumer Debt was Questcare Medical Services, PLLC (the "Original Creditor").

16. The current creditor of the Consumer Debt is Questcare Medical Services, PLLC (the "Current Creditor").

17. The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C §1692a(5).

18. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

19. CCS is a "debt collector" as defined by the FDCPA. *See* 15 U.S.C §1692a(6).

<u>Violation I – Furnishing and Reporting of False Information on Plaintiff's Credit Report</u>

20. On or about April 1, 2018, CCS reported the alleged Consumer Debt on Plaintiff's Experian credit report for alleging a balance $278 owed to Quest. A copy of the relevant part of Plaintiff's credit report is attached hereto as Exhibit "A."

21. On or about April 2, 2018, Quest reported the alleged Consumer Debt on Plaintiff's TransUnion credit report alleging a balance of $278 owed to Quest.

22. The alleged Consumer Debt was not in collections with Quest.

23. The Plaintiff was making payments to Quest.

24. The Consumer Debt was in collections with CCS.

25. CCS has been actively engaged in collection activities since April 2018 on the Consumer Debt against the Plaintiff.

26. On or about August 9, 2018 Plaintiff phone called Quest and Quest's employee stated:

    (a) the Consumer Debt is not in collections;

    (b) the Consumer Debt should not have been reported to the credit bureaus;

    (c) Quest sent a CSC form in April, 2018 to CCS to prevent collections and credit reporting on the Consumer Debt.

<u>Violation II – Phone Call August 8, 2018</u>

27. On or about August 8, 2018 Plaintiff phone called CCS and CCS' employee stated that the Consumer Debt is in collections, the creditor is Questcare Medical Services and has a $460 past due balance.

28. CCS stated on the phone call that it sent the initial contact notice to a wrong address on April 12, 2018.

29. Plaintiff did not receive the initial contact notice allegedly sent on April 12, 2018.

30. The August 8, 2018 phone call was the initial contact between CCS and Plaintiff.

31. Plaintiff provided CCS with his correct address on that phone call on August 8, 2018.

32. On that phone call CCS attempted to collect a debt from Plaintiff.

33. CCS did not provide Plaintiff with an initial contact notice within five days after the initial contact with Plaintiff on August 8, 2018.

34. Plaintiff disputed owing the alleged Consumer Debt to CCS on that phone call.

35. As a result Plaintiff has suffered injury to his credit score and credit history and his ability to obtain credit at a reasonable interest rates and terms.

36. CCS is liable to Plaintiff for actual and statutory damages, costs and attorney's fees for violations of the FDCPA.

37. CCS is liable to Plaintiff for actual damages, costs and attorney's fees for violations of the FCRA.

38. Quest is liable to Plaintiff for actual damages, costs, and attorney's fees for violations of the FCRA.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTIONS ACT BY CCS

39. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

40. The FDCPA, under 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

    *(A)* The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2); and

    *(B)* Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including but the failure to communicate that a disputed debt is disputed, 15 U.S.C. § 1692e(8).

    *(C)* Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

41. CCS violated the FDCPA and the above referenced sections when it attempted to collect on the alleged Consumer Debt when it was not supposed to be in collections and failed to provide Plaintiff with an initial contact notice.

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against CCS for:

(1) Actual damages;

(2) Statutory damages of $1,000 as provided under 15 U.S.C. § 1692k(a)(2)(A);

(3) Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(4) Such other or further relief as the Court deems proper.

## COUNT II

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CCS

42. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

43. The FCRA, under 15 U.S.C. § 1681s-2, places a duty on furnishers of information to provide accurate information and prohibits:

(a) Reporting of information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate, 15 U.S.C. § 1681s-2(a)(1)(A);

(b) Reporting of information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if

(i) the person has been notified by the consumer, … that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate, 15 U.S.C. § 1681s-2(a)(1)(B).

44. CCS violated 15 U.S.C. § 1681s-2(a)(1)(A), when it furnished erroneous information on Plaintiff's credit report when CCS had actual knowledge of errors.

45. CCS violated 15 U.S.C. § 1681s-2(a)(1)(B), when it furnished erroneous information on Plaintiff's credit report after receiving notice about the alleged Consumer Debt.

46. As a direct and proximate cause of CCS's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, humiliation and embarrassment.

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against CCS for:

(1) Actual damages;

(2) Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1681o; and

(3) Such other or further relief as the Court deems proper.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY QUEST**

47. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

48. The FCRA, under 15 U.S.C. § 1681s-2, places a duty on furnishers of information to provide accurate information and prohibits:

(a) Reporting of information with actual knowledge of errors. A person shall not furnish any information relation to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate, 15 U.S.C. § 1681s-2(a)(1)(A);

> (b) Reporting of information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if
>
>> (i)   the person has been notified by the consumer, … that specific information is inaccurate; and
>>
>> (ii)  the information is, in fact, inaccurate, 15 U.S.C. § 1681s-2(a)(1)(B).

49. Quest violated 15 U.S.C. § 1681s-2(a)(1)(A), when it furnished erroneous information on Plaintiff's credit report when Quest had actual knowledge of errors.

50. Quest violated 15 U.S.C. § 1681s-2(a)(1)(B), when it furnished erroneous information on Plaintiff's credit report after receiving notice and confirmation of errors about the alleged Consumer Debt.

51. As a direct and proximate cause of Quest's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, humiliation and embarrassment.

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Quest for:

> (4)  Actual damages;
>
> (5)  Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1681o; and
>
> (6)  Such other or further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

52. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 6, 2018

Respectfully Submitted,

/s/ Shawn Jaffer_____.
**SHAWN JAFFER, ESQ.**
Texas Bar No.: 24107817
E-mail: shawn@jafflaw.com
SHAWN JAFFER LAW FIRM PLLC
15950 Dallas Parkway, Suite 400
Dallas, Texas 75248
Phone: 214-210-0730
Fax: 214-594-6100

**ATTORNEY FOR PLAINTIFF**